**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMAR BURNEY, | : | |
| | : | Civil Action No. 13-2263 (CCC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SCO M. HYATT, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

    JAMAR BURNEY, Plaintiff <u>pro se</u>
    #000641
    East Jersey State Prison – Special Treatment Unit
    8 Production Way, CN-905
    Avenel, New Jersey 07001

**CECCHI**, District Judge

    Plaintiff, Jamar Burney, an involuntarily committed person pursuant to the Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24, *et seq.*, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed without prejudice.

## I. BACKGROUND

Plaintiff, Jamar Burney ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: State Correctional Officer ("SCO") M. Hyatt; SCO R. Hall; Sgt. Haskins; and SCO Ware-Cooper. (Complaint, Caption and ¶¶ 4b, 4c.) The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on November 10, 2012, he was sent to the South Unit "lock-up" or "M.A.P." at the East Jersey State Prison-Special Treatment Unit ("EJSP-STU"), where he allegedly did not receive any treatment or therapy. (Compl. ¶ 6.) Plaintiff complains that after he started filing grievances, the Defendants started verbally "harassing, humiliating and mentally degrading" him. (*Id.*) Plaintiff admits that he was released from M.A.P. on April 4, 2013. (*Id.*)

2

Plaintiff also alleges that, on April 4, 2013, Defendants Hall and Hyatt "started sexually harassing me in front of [the] unit when [Plaintiff] had a towel on going to the shower." (*Id.*) Plaintiff alleges that he "felt seriously humiliated, and reacted in mental frustration of constantly being abused by these officers' derogatory and discriminating statements." (*Id.*)

On April 7, 2013, Defendants Hall and Hyatt again started harassing Plaintiff, who responded "verbally" to these officers. (*Id.*) Without any investigation or disciplinary hearing, Plaintiff was returned to M.A.P. that day. Plaintiff alleges that M.A.P. is a 24-hour lock down with no shower, no phone calls, and no change of clothes. In addition, his personal property was taken. (*Id.*)

On April 19, 2013, Plaintiff filed an "addendum" to his Complaint. (Dkt. # 2.) Plaintiff complains that, on February 21, 2013, Defendant Ware-Cooper put Plaintiff and his "associate" or "treatment partner" on a "'verbal keep separate' while in isolation," causing the two to yell across the unit to converse with each other. (*Id.*) Plaintiff alleges that the whole unit of 60 residents now hears his personal family issues. (*Id.*)

3

Plaintiff alleges that his 24-hour lock down has extended his time in the STU and has delayed his prescribed treatment. He further alleges that Defendants are using treatment issues for disciplinary purposes. Plaintiff also alleges that he is denied his First and Fourteenth Amendment rights to freedom of association. Finally, Plaintiff alleges that he is being treated as a prisoner, not a civilly committed person, and is being subjected to the "equivalent of a second prosecution." (Id.)

Plaintiff seeks unspecified monetary compensation. He also seeks injunctive relief, namely, his release from M.A.P., and an investigation of the disciplinary board who makes "lock up decisions." (Compl. ¶ 7.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

A district court is required to review a complaint in a civil action where the litigant is proceeding *in forma pauperis*. Specifically, the court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B). Accordingly, because Plaintiff is proceeding *in forma pauperis*

4

in this matter, this action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, 556 U.S. at 676). *See also Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) ("The touchstone of the pleading standard is plausibility. . . . . [A]llegations that are no more than conclusions are not entitled to the assumption of truth; . . . [a court should] look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'") (internal citations omitted). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A

complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 556 U.S. at 678-79). Thus, while *pro se* pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. International Association of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

### III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second,

that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV.   DISCUSSION

A.   Harassment Claim

As a civilly committed person, Plaintiff's allegations of harassment fall under the Fourteenth Amendment's Due Process Clause. *See Youngberg v. Romeo*, 457 U.S. 307, 321-22 (1982) ("Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."); *see also Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). Generally, the Fourteenth Amendment requires that civilly committed persons not be subjected to conditions that amount to punishment, *Bell*, 441 U.S. at 536,[1] within the bounds of professional discretion, *Youngberg*, 457 U.S. at 321-22. Specifically, in *Youngberg*, the Supreme Court held that civilly committed persons do have constitutionally protected interests, but that these rights must

---

[1] In *Bell v. Wolfish*, the Supreme Court held that whether a condition of confinement of pretrial detainees violated their constitutional rights turns on whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate government purpose. 441 U.S. at 535-39.

be balanced against the reasons put forth by the State for restricting their liberties. *Id.* at 307. The Constitution is not concerned with *de minimis* restrictions on patients' liberties. *Id.* at 320. Moreover, "due process requires that the conditions and duration of confinement [for civilly confined persons] bear some reasonable relation to the purpose for which persons are committed." *Seling v. Young*, 531 U.S. 250, 265 (2001).

Here, Plaintiff's general allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee, civilly committed person, or sentenced prisoner. *See Jean-Laurent v. Wilkerson*, 438 F. Supp.2d 318, 324-25 (S.D.N.Y. 2006) (holding that pretrial detainee's claim of verbal abuse not cognizable under § 1983 because verbal intimidation did not rise to the level of a constitutional violation). *See also Price v. Lighthart*, Civil No. 1:08-cv-265, 2010 WL 1741385 (W.D. Mich. Apr. 28, 2010); *Glenn v. Hayman*, Civil No. 07-112 (PGS), 2007 WL 894213, *10 (D.N.J. Mar. 21, 2007); *Stepney v. Gilliard*, Civil No. 02-5259 (GEB), 2005 WL 3338370 (D.N.J. Dec. 8, 2005) ("[V]erbal harassment and taunting is neither 'sufficiently serious' nor 'an unnecessary and wanton infliction of pain'

under the common meaning of those terms. 'Verbal harassment or profanity alone ... no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under [Section] 1983") (quoting *Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998), and citing *Collins v. Graham*, 377 F. Supp.2d 241, 244 (D.Me. 2005)). *See also Moore v. Morris*, 116 F. App'x 203, 205 (10th Cir. 2004) (holding that mere verbal harassment does not give rise to a constitutional violation, even if it is inexcusable and offensive, it does not establish liability under section 1983), *cert. denied*, 544 U.S. 925 (2005); *Abuhouran v. Acker*, No. Civ. A. 04-2265, 2005 WL 1532496 (E.D.Pa. June 29, 2005) ("[V]erbal harassment . . . standing alone, do[es] not state a constitutional claim.").

In this case, Plaintiff's allegations of harassment are nothing more than the mere recitation of a legal conclusion without factual allegations sufficient at this time to support the claim that Defendants were verbally harassing Plaintiff as a form of punishment.  Consequently, this harassment claim will be dismissed without prejudice for failure to state a claim at this time.

9

B.  Freedom of Association Claim

Plaintiff next generally alleges that he was denied his First Amendment right to freedom of association because he was placed under a "verbal keep separate" order from his "associate" or "treatment partner" while Plaintiff was in M.A.P. (Dkt. # 2.)  Plaintiff appears to be acknowledging that M.A.P. placement is a segregated confinement for disciplinary purposes.  Thus, the alleged restrictions on Plaintiff's freedom of association with other residents while he is in isolation would appear to be reasonably related to legitimate government interests and maintaining institutional security.  *See generally, Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (holding that freedom of association is among the rights least compatible with incarceration).

While Plaintiff is not a prisoner, he is a civilly committed person under the SVPA, which deems him a dangerous sex offender.  As such, like inmates, Plaintiff does not retain rights inconsistent with his status as an SVP.  *See Semler v. Ludeman*, 2010 WL 145275, *15 (D. Minn. Jan. 8, 2010) (finding that restrictions on a civilly committed sex offender's right to freedom of association are permissible where such restrictions are reasonably related to legitimate interests to ensure

10

security and order in the facility). The Court of Appeals for the Seventh Circuit has acknowledged that restrictions on association or interaction between civilly committed persons are not constitutionally offensive if the restrictions rest on legitimate security measures or disciplinary purposes, and are not treatment decisions. *Lane v. Williams*, 689 F.3d 879, 882 (7th Cir. 2012). Here, the freedom of association restrictions are consistent with Plaintiff's status as a dangerous sex offender.

Accordingly, Plaintiff's freedom of association claim is dismissed without prejudice for failure to state a cognizable claim at this time.

C. Remaining Claims

Plaintiff also generally alleges that he does not receive treatment or therapy while confined on M.A.P. status. This bald claim, without any allegations as to what treatment was denied or what injury he has suffered, does not state a claim for relief. *See Bohannan v. Doe*, 527 F. App'x 283, 291, 297 (5th Cir. 2013) (dismissing civilly committed sex offender's § 1983 and Eighth Amendment claims based on "deliberate indifference" to his medical needs because Plaintiff failed to show that prison officials "refused to treat him, ignored his complaints,

11

intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs").

Plaintiff further alleges, without any explanation, that his M.A.P. status has delayed his treatment and extended his time in the Special Treatment Unit, and that Defendants punished Plaintiff by placing him in M.A.P. without affording him a disciplinary hearing. Plaintiff also finally claims that he is being treated as a prisoner, not a civilly committed person. Plaintiff provides no factual support for any of these bare allegations.

As stated above, Plaintiff must allege "sufficient factual matter" to show that his claim here is facially plausible. *See Iqbal*, 556 U.S. at 676. Therefore, these general claims, as pled, do not satisfy the threshold requirement set forth in *Iqbal*, and they are dismissed without prejudice for failure to state a claim at this time.[2]

---

[2] This dismissal is without prejudice to Plaintiff filing an amended Complaint to allege facts that conform to the legal standard for Eighth Amendment deliberate indifference liability as set forth in this Opinion. Plaintiff should note that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading. *See West Run Student Housing Associates, LLC v. Huntington National Bank*, 712 F.3d 165, 171 (3d Cir. Apr. 4, 2013) (collecting cases). *See also* 6 Charles Alan Wright & Arthur R. Miller, *Federal*

V.   CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  An appropriate order follows.

                                              CLAIRE C. CECCHI
                                              United States District Judge

Dated: October 29, 2014

---

*Practice and Procedure* § 1476 (3d ed. 2008).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*

13